ISABELLE ORD (SBN 198224)
isabelle.ord@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Telephone: 415.836.2500
Facsimile: 415.836.2501

MATTHEW C. DANAHER (SBN 351055)
matt.danaher@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: 858.677.1400
Facsimile: 858.677.1401

Attorneys for Defendant
RETAIL SERVICES & SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JEFFREY KENT and ROBIN SAVAGE, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

RETAIL SERVICES & SYSTEMS, INC.,

Defendant.

Case No. 3:26-cv-06419-RFL

**DEFENDANT RETAIL SERVICES & SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Rita F. Lin
Courtroom: Courtroom 4
San Francisco Courthouse
450 Golden Gate Avenue
17th Floor
San Francisco, CA 94102

Complaint Filed: June 26, 2026

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT Defendant Retail Services & Systems, Inc. ("Total Wine") will, and hereby does, move to dismiss the Complaint of Plaintiffs Jeffrey Kent ("Kent") and Robin Savage ("Savage") (collectively, "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing and Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted. The Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Request for Judicial Notice ("RJN"), the Declaration of Matthew C. Danaher ("Danaher Decl."), the accompanying Motion to Compel Arbitration as to Savage, all pleadings and papers on file in this matter, and such other and further evidence and argument as may be presented at the time of the hearing or otherwise. Total Wine has not noticed a hearing for its Motion, pursuant to this Court's civil standing order.

Total Wine moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiffs fail to allege an actual and concrete injury-in-fact sufficient to confer Article III standing. Total Wine also moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs fail to plead: (1) an invasion of privacy or intrusion upon seclusion claim; (2) violations of the California Invasion of Privacy Act's ("CIPA") wiretapping provision, or pen register provision, Cal. Penal Code § 638.51(a), for Kent, CIPA claims that are not time-barred and, for Savage, CIPA and invasion of privacy claims that are not time-barred; (3) fraud, deceit, and/or misrepresentation; (4) unjust enrichment; or (5) public injunctive relief. As to Savage, Total Wine brings this Motion expressly reserving all rights, without waiver of its Motion to Compel Arbitration, and solely in the event that Savage's claims are determined not to be arbitrable, or in the alternative, are not severed and transferred to Maryland. For each and all of these reasons, Total Wine's Motion should be granted.

Dated: August 28, 2026

DLA PIPER LLP (US)

By: /s/ *Isabelle Ord*
ISABELLE ORD
*Attorneys for Defendant*
*RETAIL SERVICES & SYSTEMS, INC.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. ISSUES TO BE DECIDED ..... 3

A. Have Plaintiffs failed to plead an injury-in-fact to establish Article III standing? ..... 3

B. Are Savage's CIPA and invasion of privacy claims, and Kent's CIPA claims, time-barred? ..... 3

C. Have Plaintiffs stated claims for: (1) invasion of privacy (Count I); (2) intrusion upon seclusion (Count II); (3) wiretapping in violation of CIPA § 631(a) (Count III); (4) use of a pen register in violation of CIPA § 638.51 (Count IV); (5) common law fraud, deceit, and/or misrepresentation (Count V); and/or (6) unjust enrichment (Count VI)? ..... 3

D. Have Plaintiffs stated a claim for public injunctive relief? ..... 3

IV. LEGAL STANDARDS ..... 3

A. Rule 12(b)(1): Standing ..... 3

B. Rule 12(b)(6): Failure to State a Claim ..... 4

V. PLAINTIFFS LACK ARTICLE III STANDING- NO INJURY-IN-FACT ..... 4

A. No Collection or Disclosure of Plaintiffs' Personal Information ..... 4

B. None of the Allegedly Collected Information is Actionable ..... 5

C. Plaintiffs Fail to Allege Their Information Diminished in Value ..... 6

VI. PLAINTIFFS' CLAIMS FAIL UNDER RULE 8 ..... 7

A. Invasion of Privacy and Intrusion Upon Seclusion Claims ..... 7

B. CIPA Wiretapping and Pen Register Claims ..... 7

C. Unjust Enrichment Claim ..... 8

VII. CERTAIN OF PLAINTIFFS' CLAIMS ARE TIME-BARRED ..... 8

A. Savage's CIPA and Invasion of Privacy Claims ..... 8

B. Kent's CIPA Claims ....................9

VIII. THE INVASION OF PRIVACY CLAIMS FAIL FOR ADDITIONAL REASONS ....................10

A. Plaintiffs' Allegations Preclude a Reasonable Expectation of Privacy ....................10

B. The Disclosure of "Private Communications" is Not Highly Offensive ....................10

C. Plaintiffs Fail to Allege an Intentional Invasion of Privacy ....................11

D. The Cookie Banner's Functionality is Not Dispositive ....................11

IX. THE CIPA CLAIMS FAIL FOR ADDITIONAL REASONS ....................12

A. No Interception of "Contents" While in Transit Under Section 631(a) ....................12

B. The Section 638.51 Claim is Inapplicable to the Alleged Conduct ....................13

i. Failure to Plead a "Pen Register" or "Trap and Trace" Device ....................13

ii. Plaintiffs Plead Themselves Out of a Pen Register Claim ....................13

X. PLAINTIFFS FAIL TO PLEAD FRAUD DAMAGES ....................13

XI. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS ....................14

A. This Equitable Claim is Foreclosed by *Sonner v. Premier Nutrition Corp.* ....................14

B. Plaintiffs Fail to Allege Total Wine Retained Any Benefit. ....................15

XII. PLAINTIFFS' REQUEST FOR PUBLIC INJUNCTIVE RELIEF FAILS ....................15

XIII. CONCLUSION ....................15

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015)....................15

*Balanzar v. Fid. Brokerage Servs., LLC*,
654 F. Supp. 3d 1075 (S.D. Cal. 2023)....................8

*Barrales v. Reckitt Benckiser LLC*,
2026 WL 2212867 (N.D. Cal. July 31, 2026)....................5, 10, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 7

*Blaker v. NetScout Systems, Inc.*,
2026 WL 1709143 (Cal. Super. Ct. May 27, 2026)....................13

*California Crane Sch., Inc. v. Google LLC*,
722 F. Supp. 3d 1026 (N.D. Cal. 2024)....................15

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023)....................7

*D'Antonio v. Smith & Wesson Inc.*,
820 F. Supp. 3d 928 (N.D. Cal. 2026)....................8

*Daghaly v. Bloomingdales.com, LLC*,
2024 WL 5134350 (9th Cir. 2024)....................7

*Daniels-Hall v. National Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010)....................4

*Feliz v. Cnty. of Orange*,
308 Cal. Rptr. 3d 731 (Cal. Ct. App. 2023)....................9

*First Options of Chicago v. Kaplan*,
514 U.S. 938 (1995)....................1, 9

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020)....................8

*In re Google, Inc. Privacy Pol'y Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ....................11

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................12

*Greenstein v. Noblr Reciprocal Exch.*,
585 F. Supp. 3d 1220 (N.D. Cal. 2022) ....................6

*Harrill v. Emanuel Med. Ctr.*,
2025 WL 1635428 (E.D. Cal. June 9, 2025) ....................7

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) ....................6

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) ....................7, 11

*Heiting v. FKA Distributing Co.*,
2025 WL 736594 (C.D. Cal. Feb. 3, 2025) ....................4

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ....................12

*Helm v. Alderwoods Grp., Inc.*,
696 F. Supp. 2d 1057 (N.D. Cal. 2009) ....................14

*Hernandez v. Sutter W. Capital*,
2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) ....................10

*Hodges v. Comcast Cable Commc'ns, LLC*,
21 F.4th 535 (9th Cir. 2021) ....................15

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) ....................14

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ....................11

*Jones v. L.A. Cent. Plaza LLC*,
74 F.4th 1053 (9th Cir. 2023) ....................4

*Joyce v. Guthy-Renker, LLC.*,
2026 WL 1164686 (N.D. Cal. Apr. 29, 2026) (Lin, J.) ....................14

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ....................12

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ....................11

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................4

*Maghoney v. Dotdash Meredith, Inc.*,
2026 WL 497402 (S.D. Cal. Feb. 23, 2026) ....................5, 6

*Merical v. The Joint Corp.*,
2026 WL 2225531 (E.D. Cal. Aug. 3, 2026) ....................11

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023)....................5

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ....................4

*Neil through Cyprian v. Park*,
833 F. App'x 689 (9th Cir. 2021) ....................9

*Ortiz v. Deckers Outdoor Corp.*,
2026 WL 1243675 (N.D. Cal. May 6, 2026) (Lin, J.) ....................13, 15

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................5, 6

*Rabin v. Google LLC*,
2023 WL 4053804 (N.D. Cal. June 15, 2023) ....................15

*Rodriguez v. Culligan Int'l Co.*,
2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) ....................6

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ....................12

*Rodriguez v. IMDB.com, Inc.*,
2026 WL 886927 (Cal. Super. Mar. 24, 2026) ....................13

*Shulman v. Group W Productions, Inc.*,
955 P.2d 469 (Cal. 1998) ....................7, 11

*Smith v. Maryland*,
442 U.S. 735 (1979)....................13

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ....................14

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016), *as revised* (May 24, 2016)....................4

*Svenson v. Google Inc.*,
2016 WL 8943301 (N.D. Cal. Dec. 21, 2016)....................6

*Tavernetti v. Superior Ct.*,
583 P.2d 737 (Cal. 1978)....................12

*Walsh v. Dollar Tree Stores, Inc.*,
2025 WL 2939229 (N.D. Cal. Oct. 16, 2025)....................11, 14

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000)....................4

*Wiley v. Universal Music Grp., Inc.*,
826 F. Supp. 3d 1121 (N.D. Cal. 2025)....................8

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014)....................11

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014)....................8

**Statutes**

Cal. Civ. Proc. Code § 335.1....................8

Cal. Penal Code § 631(a)....................3, 8, 12

Cal. Penal Code § 638.50(b)....................8, 13

Cal. Penal Code § 638.50(c)....................13

Cal. Penal Code § 638.51....................3, 13

Cal. Penal Code § 638.51(a)....................13

**Other Authorities**

Fed. R. Civ. P. 8....................1, 7

Fed. R. Civ. P. 12(b)(1)....................3

Fed. R. Civ. P. 12(b)(6)....................4, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit concerns the commonplace use of website technologies (essentially "Cookies") on Total Wine's website, www.totalwine.com (the "Website"). The crux of Plaintiffs' Complaint is that, upon visiting the Website, they were presented with a cookie banner that allowed them to "Reject All Cookies" except those necessary for the Website's functionality, but certain cookies were allegedly not disabled and transmitted data to third parties. *See* Compl. ¶¶ 35, 80-83, 89-92. But the Complaint does not allege that Total Wine intended this malfunction—or that it caused Plaintiffs' private information to be collected or disclosed to third parties. Plaintiffs' Complaint should be dismissed for multiple, independent reasons:

*First*, Plaintiffs fail to allege an actual injury-in-fact sufficient for Article III standing because they do not allege any of their personal information was actually collected or that any disclosure injured them. *Second*, the Complaint fails under Rule 8 because Plaintiffs do not plausibly allege any of their own information was collected or disclosed. *Third*, Plaintiffs' invasion of privacy and intrusion upon seclusion claims do not allege intentional or "highly offensive" conduct. *Fourth*, Savage's CIPA and invasion of privacy claims, and Kent's CIPA claims, are time-barred. *Fifth*, Plaintiffs' CIPA claims fail because they do not allege the contents of their communications were intercepted while in transit, and plead themselves out of their "pen register" claim by alleging the cookies generally capture "some" data elements that can be "contents" of communications. *Sixth*, Plaintiffs' fraud claim fails because Plaintiffs do not allege resulting damages. *Seventh*, Plaintiffs' unjust enrichment claim fails because they cannot plead lack of an adequate remedy at law or identify any benefit conferred on Total Wine or any expense they incurred. *Eighth*, Plaintiffs' purported public injunctive claim fails because Plaintiffs do not actually plead such a claim. For each and all of these reasons, the Complaint should be dismissed.

## II. STATEMENT OF FACTS

### A. The Total Wine Website

Total Wine is a Maryland corporation with its principal place of business in Bethesda, Maryland. It owns the intellectual property in the "Total Wine & More" brand name and also

owns and operates the Website where users may "browse and obtain information regarding wines, spirits, beer, and other alcoholic beverages, search for products, compare product offerings, locate Defendant's retail stores, and review pricing and promotions" sold by separate but affiliated legal entities that are not parties to this case. Compl. ¶ 32. The Website uses both first-party and third-party cookies. *See id.* ¶ 33. For consumers in California, it "immediately display[s] to them a popup cookie consent banner" (the "Cookie Banner"), which provides users the option to "Accept" cookies, manage "Cookie Settings," or "Reject All" cookies. *Id.* ¶ 35.

### B. Plaintiffs' Interactions with the Website

**Plaintiff Kent:** Kent alleges he "visited the Website to seek and obtain information about products featured on the Total Wine Website, while located in California, on one or more occasions during the last four years" where he "used the Website to research and compare alcoholic beverages, review product offerings and pricing, and evaluate products he was considering purchasing, including champagne, whiskey, and vodka products." *Id.* Kent "navigated the Website by browsing product categories, viewing product pages, and reviewing pricing and related product information." *Id.* Kent alleges he "selected and clicked the 'Reject All' button" and "continue[d] browsing the Website," *id.* ¶¶ 80-81, but the Website "nonetheless caused cookies and tracking technologies, including those used for marketing and advertising, to be placed on Plaintiff Kent's device and/or transmitted to the Third Parties along with user data." *Id.* ¶¶ 82-83.

**Plaintiff Savage:** Savage alleges she "visited the Website to seek and obtain information about the products, promotions, and services featured on the Total Wine Website, while located in California, on one or more occasions during the last four years including in or around 2022 and November 2023" to "review product offerings, sales, promotional specials, and other information available through the Website, and also reviewed information relating to potential employment opportunities." *Id.* ¶ 86. She claims she "navigated the Website by entering search terms, clicking links and browsing webpages of interest" but does not specify any searches or pages. *Id.* She too "selected and clicked the 'Reject All' button," continued browsing, and claims cookies were placed on her device "and/or transmitted to the Third Parties along with user data." *Id.* ¶¶ 91-92.

### C. Savage's Arbitration Against Total Wine

On January 13, 2025, Savage "filed a demand for arbitration" against Total Wine, Compl. ¶ 17; Ex. A, seeking "a declaration from the arbitrator that her underlying cookie dispute with [Total Wine] is not subject to arbitration." Compl., Ex. A ¶ 1. On March 9, 2026, the Arbitrator "issued an order concluding that he lacked jurisdiction to determine whether an arbitration agreement had been formed" and "determined that a court must decide whether a valid arbitration agreement exists and stayed the arbitration for ninety (90) days pending such a determination." *Id.* ¶ 20; Ex. B. On June 11, 2026, "by stipulation of the parties, the Arbitrator entered an Order for Dismissal Without Prejudice." *Id.* ¶ 21; Ex. C. Total Wine's Motion to Compel Arbitration explains that Savage's claims are arbitrable, and, if they are not, should be severed and transferred for adjudication in Maryland under Maryland law. *See* ECF No. 17. Thus, as to Savage, Total Wine brings this Motion without waiving its right to compel arbitration, and only if (i) Savage's claims are not arbitrable, (ii) Savage is not barred from seeking court intervention, and (iii) Savage's claims are not severed and transferred to Maryland, where jurisdiction is proper. Total Wine incorporates by reference this jurisdictional argument in this Motion. Total Wine, without waiver of rights, also reserves the right to compel Kent's claims to arbitration based on information that may be disclosed in the lawsuit.

## III. <u>ISSUES TO BE DECIDED</u>

A. Have Plaintiffs failed to plead an injury-in-fact to establish Article III standing?

B. Are Savage's CIPA and invasion of privacy claims, and Kent's CIPA claims, time-barred?

C. Have Plaintiffs stated claims for: (1) invasion of privacy (Count I); (2) intrusion upon seclusion (Count II); (3) wiretapping in violation of CIPA § 631(a) (Count III); (4) use of a pen register in violation of CIPA § 638.51 (Count IV); (5) common law fraud, deceit, and/or misrepresentation (Count V); and/or (6) unjust enrichment (Count VI)?

D. Have Plaintiffs stated a claim for public injunctive relief?

## IV. <u>LEGAL STANDARDS</u>

### A. <u>Rule 12(b)(1): Standing</u>

A complaint should be dismissed where the court lacks subject matter jurisdiction because

the plaintiff lacks Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023). The plaintiff . . . bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6): Failure to State a Claim

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts do not have to "accept as true allegations . . . that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## V. PLAINTIFFS LACK ARTICLE III STANDING- NO INJURY-IN-FACT

Plaintiffs fail to allege a cognizable injury in fact in their purported injuries—(i) a privacy interest in their information, or (ii) diminishment of the value of their information. A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016), *as revised* (May 24, 2016). Rather, "[a] plaintiff establishes an injury in fact when she shows that she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Heiting v. FKA Distributing Co.*, 2025 WL 736594, at *2 (C.D. Cal. Feb. 3, 2025) (quoting *Spokeo*, 578 U.S. at 339).

### A. No Collection or Disclosure of Plaintiffs' Personal Information

Plaintiffs do not allege entering any personal information on the Website because their allegations concern only hypothetical "Private Communications" of Website users at large. *See, e.g.*, Compl. ¶¶ 30, 32, 38, 40. They instead raise abstract concerns about the alleged collection of personal data—"browsing history, visit history, website interactions, user input data, demographic

information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," Compl. ¶ 4—without alleging that Plaintiffs entered or shared any such personal information.

Judge Labson Freeman recently rejected these allegations in *Barrales v. Reckitt Benckiser LLC*, 2026 WL 2212867 (N.D. Cal. July 31, 2026), an identical case brought by Plaintiffs' counsel, dismissing for lack of standing because (like here) "[t]he complaint . . . is light on details regarding the named Plaintiffs' specific experiences with Defendant's websites. Instead, most of the allegations are framed in terms of the collective class experience or the experience of a composite consumer[.]" *Id.* at *4. At most, Kent alleges that he used the Website for "browsing product categories, viewing product pages, and reviewing pricing and related product information" about "champagne, whiskey, and vodka products," Compl. ¶ 77, while Savage claims she reviewed "product offerings, sales, promotional specials, and other information available through the Website, and also reviewed information relating to potential employment opportunities." *Id.* ¶ 86. Absent any alleged disclosure and collection of private information, Plaintiffs cannot establish an injury in fact and standing to sue. *See Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864-65 (S.D. Cal. 2023) (no standing under similar circumstances).

**B. <u>None of the Allegedly Collected Information is Actionable</u>**

Even if Plaintiffs provided any alleged "Private Communications," such information is not actionable because it is not sensitive or private. Because that information's disclosure cannot result in any actual harm to Plaintiffs, it does not give rise to a legally protectable interest.

In *Popa v. Microsoft Corp.*, the Ninth Circuit ruled that a website capturing similar information did not result in the kind of highly offensive interferences or disclosures actionable at common law. *See Popa*, 153 F.4th 784, 791 (9th Cir. 2025). Likewise, in *Maghoney v. Dotdash Meredith, Inc.*, there was no privacy interest in the plaintiff's "health-related searches typed into the Website" "related to symptoms, contraction, and the treatment of chlamydia" (among other information), or "page navigation history, and metadata associated with his site visit, including his [IP] address and device identifiers." 2026 WL 497402, at *2, 8 (S.D. Cal. Feb. 23, 2026).

So too here. Most of the information Plaintiffs allege was collected is simply metadata, for

which "internet users have no right to privacy . . . ." *Rodriguez v. Culligan Int'l Co.*, 2025 WL 3064113, at *3-5 (S.D. Cal. Nov. 3, 2025) (dismissing CIPA claims for lack of standing when website allegedly used "tracking beacons" to collect "[IP] address," "browser name [and] version," "geolocation data, email address, mobile ad IDs," "social media identities, . . . [and] cookies" because these data elements were simply constituted "metadata" for which "users have no right to privacy"). As such, Plaintiffs lack a protected privacy interest in this basic information.

Plaintiffs also cannot establish standing through "user input data" or Savage's "search terms" because they have not alleged what information they "input" to the Website or how it is subject to a legally protected privacy interest. Plaintiffs "do[] not allege anyone directly contacted [them] related to [their] searches," do not allege "that [their] searches were made publicly visible," "do[] not allege that any of [their] searches were directly linked to [their] name[s] or other personally identifiable information." *Maghoney*, 2026 WL 497402, at *5. To the extent Plaintiffs' allegations concern browsing Total Wine's products and employment opportunities, they still fail to "identif[y] [any] embarrassing, invasive, or otherwise private information collected" that the "Third Parties" could have received. *See Popa*, 153 F.4th at 791. Plaintiffs' lack of factual allegations about their own information precludes the ability for the alleged harm to be actionable at common law.

### C. <u>Plaintiffs Fail to Allege Their Information Diminished in Value</u>

Plaintiffs' conclusory allegations of diminution in value fail. To plead injury-in-fact, Plaintiffs must adequately allege "both the existence of a market for [their] personal information and an impairment of [their] ability to participate in that market." *Greenstein v. Noblr Reciprocal Exch.*, 585 F. Supp. 3d 1220, 1229 (N.D. Cal. 2022) (quoting *Svenson v. Google Inc.*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016)). That a plaintiff's information may have value for a defendant "cannot serve to establish that plaintiff has personally lost money or property" to support standing. *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021).

Here, the Complaint makes only generalized allegations about the alleged value of certain data, *see* Compl. ¶¶ 74-76, summarily alleging that "Plaintiffs and Class members have also suffered harm in the form of diminution of the value of their private and personally identifiable information and communications." *Id.* ¶ 163. Plaintiffs do not plausibly allege that their own

information has value, that they lost the opportunity to sell it, or that Total Wine affected Plaintiffs' opportunity to be paid for the "numerous" unidentified "empirical studies" they cite. *See id.* ¶ 75. Accordingly, each of Plaintiffs' claims fail for lack of Article III standing.

## VI. PLAINTIFFS' CLAIMS FAIL UNDER RULE 8

Plaintiffs do not allege that any of ***their own*** information was actually collected or disclosed. To survive dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff cannot state a claim premised in online privacy when their complaint is bereft of any allegations regarding how their own information may have been impacted. *See Daghaly v. Bloomingdales.com, LLC*, 2024 WL 5134350, at *1 (9th Cir. 2024) (affirming dismissal of CIPA claim). The Complaint contains virtually no factual allegations about Plaintiffs' own experiences, defeating each claim.

### A. Invasion of Privacy and Intrusion Upon Seclusion Claims

Plaintiffs fail to state intrusion upon seclusion or invasion of privacy claims. First, a plaintiff must show that a defendant "'***intentionally intrude[d]***, physically or otherwise, upon the solitude or seclusion of another." *Shulman v. Group W Productions, Inc.*, 955 P.2d 469, 490 (Cal. 1998) (emphasis added). Second, the invasion of privacy must be "sufficiently serious in nature, scope, and actual or potential impact to constitute an ***egregious breach of the social norms*** underlying the privacy right." *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1193 (N.D. Cal. 2020) (emphasis added). Plaintiffs' generalized allegations foreclose either possibility.

Counts I and II do not state claims for invasion of privacy and intrusion upon seclusion because Plaintiffs fail to allege their information was collected or disclosed, or that any such intrusion was egregious or highly offensive. Generally alleging that the Website disclosed "Private Communications" to third parties is insufficient. *See Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1127 (S.D. Cal. 2023) (dismissing privacy claims when only "generally allege[d]" that various data elements "were disclosed to Meta on Sharp's public website" and "d[id] not allege ***they*** provided this information.") (emphasis added); *Harrill v. Emanuel Med. Ctr.*, 2025 WL 1635428, at *6 (E.D. Cal. June 9, 2025).

### B. CIPA Wiretapping and Pen Register Claims

Plaintiffs cannot allege a Section 631(a) wiretapping claim unless they allege the third parties "read[], or attempt[ed] to read, or to learn the contents" of their communications. Cal. Penal Code § 631(a). Plaintiffs must allege the interception of "the substance, purport or meaning of [the] communication" rather than merely "record information regarding the characteristics of the message that is generated in the course of [that] communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Plaintiffs do not allege the "contents" of ***their*** communications were intercepted because they do not allege what information ***they*** shared by using the Website. *See* Compl. ¶¶ 77-78, 86-87. Similarly, Plaintiffs must allege the "record[ing] or decod[ing]" of "dialing, routing, addressing, or signaling information" to state a pen register claim. Cal. Penal Code § 638.50(b). But again, Plaintiffs fail to allege that they shared any of ***their*** information that could plausibly fall under the pen register statute. Multiple courts in this district have dismissed identical CIPA claims by Plaintiffs' counsel on these grounds. *See, e.g.*, *Wiley v. Universal Music Grp., Inc.*, 826 F. Supp. 3d 1121, 1137 (N.D. Cal. 2025); *D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928, 937 (N.D. Cal. 2026).

### C. Unjust Enrichment Claim

Without alleging what information was actually collected, Plaintiffs cannot identify any benefit conferred or any expense incurred. Allegations about what cookies generally "can" do or what data "may" be collected are insufficient. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 835 (N.D. Cal. 2020) ("Plaintiffs have not pleaded any description of the 'personal information' that [d]efendants allegedly used. Without such facts, [p]laintiffs' assertion that [d]efendants garnered 'substantial profits' from the information is purely conclusory.").

## VII. CERTAIN OF PLAINTIFFS' CLAIMS ARE TIME-BARRED

"CIPA is subject to a one-year statute of limitations." *Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075, 1082 (S.D. Cal. 2023). The invasion of privacy and intrusion upon seclusion claims have a two-year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1.

### A. Savage's CIPA and Invasion of Privacy Claims

Savage allegedly visited the Website "in or around 2022 and November 2023." Compl. ¶ 86; *id.*, Ex. B, at 2 ¶ 6 ("In November, 2023, Claimant visited Respondent's website"). Savage alleges

that "[i]f the Website were programmed to honor users' requests to decline or reject all cookies and tracking technologies, including at least those marketing and advertising cookies that cause the sale of users' personal data, Plaintiff Savage would likely browse the Website again in the future, ***but will not do so until then***." Compl. ¶ 94 (emphasis added). Savage therefore confirms that the last time she was aware of the alleged conduct was as early as 2022 or November 2023, yet she waited until ***June 2026*** to file her lawsuit. These claims are time-barred.

Equitable tolling during the arbitration does not save Savage's claims. Despite notice of the alleged conduct ***in November 2023 (or sooner)***, Savage did not file an arbitration ***until January 2025***. Savage may not equitably toll her claims during the nearly year-and-a-half period between January 13, 2025 through June 11, 2026. *See* Compl., Exs. A-C. Equitable tolling only "applies occasionally and in special situations to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Feliz v. Cnty. of Orange*, 308 Cal. Rptr. 3d 731, 741 (Cal. Ct. App. 2023) (cleaned up). "In California, equitable tolling applies when a plaintiff can show "three elements: [(1)] timely notice to the defendant, [(2)] lack of prejudice to the defendant, and [(3)] reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021).

Here, Total Wine was prejudiced. It was required to appear in the arbitration, pay fees, conduct conferences with the Arbitrator, and brief arbitrability, only for the Arbitrator to confirm that he lacked jurisdiction. *See* ECF No. 17. The entire process was wasteful, unnecessary, and burdensome to Total Wine. *See First Options of Chicago v. Kaplan*, 514 U.S. 938, 942 (1995). If Savage thought she was not subject to an arbitration agreement, the proper venue to challenge arbitrability was a court. *Id.* But, when given an opportunity to seek judicial intervention regarding arbitrability, during the arbitrator's prescribed 90-day period from March 9, 2026 through June 8, 2026, Savage did not. *See* Compl., Ex. B, at 10 ¶ 32 ("[W]e are beyond the 30-day time limit for seeking judicial intervention and a 90-day suspension of arbitration."). Further, Savage brought an arbitration only to contest arbitrability, this was never ruled on, and the matter was dismissed for lack of jurisdiction. Therefore, Savage cannot rely on this period for tolling.

**B. <u>Kent's CIPA Claims</u>**

Kent's CIPA claims fare no better. "A defendant is permitted to raise a statute of limitations argument in a 12(b)(6) motion provided the basis for the argument appears on the face of the complaint and any materials the court is permitted to take judicial notice of." *Hernandez v. Sutter W. Capital*, 2010 WL 3385046, at *2 (N.D. Cal. Aug. 26, 2010) (dismissing on statute of limitations grounds based on judicially noticed dates). Kent alleges that he "visited the Website . . . on one or more occasions during the last four years." Compl. ¶ 77. Like Savage, Kent argues that "the delayed discovery rule applies to [his] claims" because he "could not reasonably have discovered [the alleged] conduct at the time of [his] Website visits." Compl. ¶ 15. He claims "[n]othing about [his] experience on the Website would have alerted a reasonable user that their selections were not being honored." *Id.* Those artful allegations are without merit. By directly referencing the timing of his knowledge of the alleged conduct and asserting the discovery rule as to the applicable statute of limitations, Kent opens the door to incorporation by reference of the date Kent was aware of his potential claims. On March 20, 2025, Kent's counsel threatened an arbitration on behalf of "another client, Jeff Kent." RJN, Danaher Decl. Ex. A, at 1. Thus, Kent was aware of his claims over one year before this lawsuit. Therefore, like Savage, Kent's CIPA, intrusion upon seclusion, and invasion of privacy claims are similarly time-barred. *See* Compl. ¶ 85 ("Plaintiff Kent would likely browse the Website again in the future, but will not do so until [the Website was re-programmed].").

## VIII. THE INVASION OF PRIVACY CLAIMS FAIL FOR ADDITIONAL REASONS

### A. Plaintiffs' Allegations Preclude a Reasonable Expectation of Privacy

As set forth above, *supra* Section VI.A, Plaintiffs do not allege they provided any of their information (including personal information) on the Website or that Total Wine collected any private information about them. Thus, there can be no violation. *See Barrales*, 2026 WL 2212867, at *1 (dismissing claims when allegations, like those here, were "framed in terms of the collective class experience or the experience of a composite consumer" and plaintiffs failed to "allege[] sufficient facts regarding their specific experiences with [defendant's] websites").

### B. The Disclosure of "Private Communications" is Not Highly Offensive

The Complaint alleges disclosure of "Private Communications," which includes "browsing history, visit history, website interactions, user input data, demographic information, interests and

preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," Compl. ¶ 32, but disclosure of such is not "highly offensive." *See, e.g.*, *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d 968, 973, 988 (N.D. Cal. 2014) (disclosure of "personal identifying information, browsing habits, search queries, responsiveness to ads, demographic information, declared preferences and other information" not highly offensive); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (same for browsing history); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (same for unique device identification number, geolocation information). "Even disclosure of very personal information" . . . "has not been deemed an egregious breach of social norms sufficient to establish a constitutional right to privacy." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014). And Total Wine is not aware of authority deeming disclosure of Kent's alleged browsing of Total Wine's alcoholic products as highly offensive. *See Merical v. The Joint Corp.*, 2026 WL 2225531, at *13 (E.D. Cal. Aug. 3, 2026) ("Plaintiff has identified that she accessed [d]efendant's [w]ebsite one time for chiropractic care, but Plaintiff has not alleged specific personal or health information she disclosed that implicates a protectable privacy interest.").

### C. Plaintiffs Fail to Allege an Intentional Invasion of Privacy

The Complaint fails to allege intentional conduct. Plaintiffs allege cookies were placed due to defects in the "Reject All Cookies" button and offer no factual allegations regarding intentional conduct. *See* Compl. ¶ 40 ("Defendant failed to prevent cookies from being transmitted . . ."). These claims fail because they rely on an alleged error. *See Shulman*, 955 P.2d at 490 (noting defendant must have "intentionally intrude[d]").

### D. The Cookie Banner's Functionality is Not Dispositive

Plaintiffs might argue that the alleged Cookie Banner misrepresentation is a "'plus' factor," *Walsh v. Dollar Tree Stores, Inc.*, 2025 WL 2939229, at *14 (N.D. Cal. Oct. 16, 2025), but the privacy inquiry still requires an intrusion that "constitute[s] an egregious breach of the social norms underlying the privacy right." *Heeger*, 509 F. Supp. 3d at 1193. Even if there was a misconfiguration, Plaintiffs fail to allege any intrusion as to ***their own*** information. Plaintiffs therefore fail to satisfy either prong of the combined inquiry, and each claim fails. *See Barrales*, 2026 WL 2212867, at *1.

## IX. THE CIPA CLAIMS FAIL FOR ADDITIONAL REASONS

### A. No Interception of "Contents" While in Transit Under Section 631(a)

Section 631(a) prohibits "three distinct and mutually independent patterns of conduct: [(1)] intentional wiretapping, [(2)] willfully attempting to learn the contents or meaning of a communication in transit over a wire, and [(3)] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Ct.*, 583 P.2d 737, 741 (Cal. 1978). A "fourth basis for liability" exists for anyone who "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done" any of the other three 631(a) prongs. Cal. Penal Code § 631(a). The first clause is inapplicable to "communications over the internet," *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1014 (C.D. Cal. 2023). Regardless, Total Wine, a "party" to Plaintiffs' communications, cannot be directly liable under the first three clauses. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021). Plaintiffs appear to invoke only the fourth clause, alleging that Total Wine aided and abetted the "Third Parties" to violate Section 631(a)'s second and third clauses. *See* Compl. ¶ 131. This attempt fails.

First, for the reasons outlined in Section VI.B, Plaintiffs fail to allege their Website visits involved the interception of the "contents" of their communications, as required under the second clause. Second, Plaintiffs fail to allege interception while "in transit." *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). In other words, they do not describe how the "Third Parties" acquired, read, or attempted to read their communications during transmission. Plaintiffs only offer generalized and conclusory remarks on this point. *See* Compl. ¶¶ 70-77. Such boilerplate allegations fail to adequately allege this element. *See, e.g.*, *Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."). Thus, as in a similar case decided by this Court, "the allegations do not specify when the information stored in the cookies is transmitted. At most, the complaint describes that when a user takes a certain action, a cookie might send information to a third party" but not "when this transmission occurs" or "whether the cookie sends this information immediately or

contemporaneously with the information's creation." *Ortiz v. Deckers Outdoor Corp.*, 2026 WL 1243675, at *3 (N.D. Cal. May 6, 2026) (Lin, J.). These deficiencies further doom the claim.

**B. The Section 638.51 Claim is Inapplicable to the Alleged Conduct**

*i. Failure to Plead a "Pen Register" or "Trap and Trace" Device*

Pen registers track every outbound number that a telephone dials and trap and trace devices record every inbound number that a telephone receives by using electronic impulses to reveal the telephone number. *See Smith v. Maryland*, 442 U.S. 735, 736 n.1 (1979). Plaintiffs allege that the "cookies and the corresponding software code" are "pen registers" because they captured "the IP address and user-agent information" from Plaintiffs' computers. Compl. ¶ 144. This theory fails.

Many California courts have held that the online tracking technology alleged here does not fall within Section 638.51. For example, *Blaker v. NetScout Systems, Inc.* recently dismissed a pen register claim with prejudice because "applying the ordinary rules of statutory construction . . . this statute applies to telephonic communications and not to software on a commercial website." 2026 WL 1709143, at *4 (Cal. Super. Ct. May 27, 2026). Indeed, no binding authority supporting the latter interpretation exists. Total Wine acknowledges contrasting opinions but respectfully urges this Court to revisit this issue in light of these California trial courts' narrower interpretation.

*ii. Plaintiffs Plead Themselves Out of a Pen Register Claim*

Plaintiffs fail to plead timely claims or allege what "dialing, routing, addressing, or signaling information" the Website's software purportedly collected (*see* discussion *supra* Section VI.B). But separately, Plaintiffs have pled themselves out of this claim. Section 638.51 prohibits installing or using a pen register or trap and trace device without a court order. Cal. Penal Code § 638.51(a). Pen registers and trap and trace devices record or capture "dialing, routing, addressing, or signaling information" "***but not the contents of a communication***." Cal. Penal Code § 638.50(b), (c) (emphasis added); Compl. ¶ 143. Plaintiffs' wiretapping claims fail because they do not allege that the contents of their communications were intercepted. Now, by pleading that "some" contents of communications are intercepted, Plaintiffs plead themselves out of a pen register claim. Compl. ¶ 146; *see also Rodriguez v. IMDB.com, Inc.*, 2026 WL 886927, at *3 (Cal. Super. Mar. 24, 2026).

**X. PLAINTIFFS FAIL TO PLEAD FRAUD DAMAGES**

The elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance ***and resulting damage***." *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1079 (N.D. Cal. 2009) (emphasis added). Plaintiffs' alleged fraud damages boil down to "diminution of the value of their private and personally identifiable information and communications." Compl. ¶ 163. In similar cases, such allegations are insufficient to allege damages. For example, in *Hubbard v. Google LLC*, the plaintiffs alleged "there is a market for consumers to monetize [p]ersonal [i]nformation," and "published analyses and studies have placed a value in excess of $200 on an individual's [p]ersonal [i]nformation." 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024). The court found that "[p]laintiffs do not allege sufficient facts from which the Court may reasonably infer that Defendants' misappropriation reduced the value of [p]laintiffs' information" and an "explanation as to how does not appear so obvious that the Court may simply infer one." *Id.*; *see also Dollar Tree*, 2025 WL 2939229, at *20 (dismissing claim in identical lawsuit when "Plaintiffs have not plausibly alleged that they would either sell their data or pay anything to protect their data"). Because Plaintiffs do not allege that they paid anything to browse the Website, they fail to allege "resulting damages."

## XI. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS

### A. This Equitable Claim is Foreclosed by *Sonner v. Premier Nutrition Corp.*

"To seek equitable relief, [Plaintiffs] must allege that [they] 'lack[] an adequate legal remedy.'" *Joyce v. Guthy-Renker, LLC.*, 2026 WL 1164686, at *3 (N.D. Cal. Apr. 29, 2026) (Lin, J.) (citation omitted); *Hubbard*, 2024 WL 3302066, at *4-6 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). "[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief." *Id.* at *6. Here, Plaintiffs plead an adequate remedy at law and seek damages for alleged injuries. Compl. ¶¶ 112, 122, 149, 163, 167. Moreover, Plaintiffs "rel[y] on 'the same factual predicates'" under their unjust enrichment claim as alleged under their fraud, deception, and/or misrepresentation claims, for which they allege an adequate legal remedy exists. *Compare* Compl. ¶ 171 *with id.* ¶ 152 and ¶ 161. Under *Sonner* and its progeny, Plaintiffs' unjust enrichment claim and all requests for equitable relief, including the Prayer (*see* Compl. Prayer ¶¶ E, F, G), are

foreclosed. At best, the Complaint alleges that "Plaintiffs plead this claim separately, as well as in the alternative, to their other claims, as without such claims Plaintiffs would have no adequate legal remedy." Compl. ¶ 179. But "[t]hat conclusory allegation does not plausibly suggest that [Plaintiffs] lack an adequate remedy at law." *Deckers*, 2026 WL 1243675, at *3 (Lin, J.).

**B. Plaintiffs Fail to Allege Total Wine Retained Any Benefit.**

Generally, "there is not a standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). However, "[t]he Ninth Circuit has explained that '[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.'" *Rabin v. Google LLC*, 2023 WL 4053804, at *12 (N.D. Cal. June 15, 2023) (citation omitted). "To adequately allege unjust enrichment as a quasi-contract claim for restitution, 'a plaintiff must show that the defendant received and unjustly retained benefit at the plaintiff's expense.'" *California Crane Sch., Inc. v. Google LLC*, 722 F. Supp. 3d 1026, 1042 (N.D. Cal. 2024). Plaintiffs' failure to allege what information of theirs was disclosed, or that Total Wine obtained or retained a benefit from such information, is fatal. *See* supra Section VI.C.

**XII. PLAINTIFFS' REQUEST FOR PUBLIC INJUNCTIVE RELIEF FAILS**

The caption of the Complaint and certain allegations refer to public injunctive relief on behalf of "the general public," but no such claim is actually pleaded, and Plaintiffs do not pray for that relief. Compl. pp. 1 (caption page), 1:1-28 (beginning of allegations), Prayer. Plaintiffs only mention "the general public" in passing. The Complaint mentions "the general public" only four times in a single paragraph in the CIPA wiretapping claim (claim three). *See id.* ¶ 139. In any event, Plaintiffs' claims concern only those individuals who encountered the Cookie Banner on the Website, clicked the "Reject All Cookies" button, and then continued browsing the Website, not "the general public." *See Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 549 (9th Cir. 2021). Plaintiffs' references to "the general public" should be dismissed.

**XIII. CONCLUSION**

For each and all of these reasons, Total Wine requests that the Court dismiss the Complaint.

Dated: August 28, 2026

DLA PIPER LLP (US)

By: /s/ *Isabelle Ord*
ISABELLE ORD
*Attorneys for Defendant*
*RETAIL SERVICES & SYSTEMS, INC.*